**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re: Lynda Jean Lafair,                     Chapter 13
                                              CASE No: 14-bk-02436-CPM
           Debtor
_____/

**HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP., HOME EQUITY LOAN TRUST, SERIES 2006-NC2, ASSET BACKED PASS-THROUGH CERTIFICATES' MOTION TO DISMISS BANKRUPTCY PETITION WITH 365 DAY BAR TO REFLING UNDER ANY CHAPTER OF THE BANKRUPTCY CODE**

HSBC Bank USA, National Association, as Trustee, in trust for the registered holders of ACE Securities Corp., Home Equity Loan Trust, Series 2006-NC2, Asset Backed Pass-Through Certificates ("Creditor") pursuant to Sections 105(a), 1307(c), 1325(a)(3), 1325(a)(7) and Federal Rules of Bankruptcy Procedure 1017 and all other applicable sections of the Bankruptcy Code, hereby moves this Court for an entry of an order dismissing granting relief from stay as to the bankruptcy estate and as to the Debtor(s), and as states as follows:

1. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 11 U.S.C. §§105(a), 1307(c), 1325(a)(3), 1325(a)(7) and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

4. For value received, on May 5, 2006, the Debtor, Lynda Lafair, executed and delivered a Note to New Century Mortgage Corporation and Mortgagor, Lynda Lafair, executed a Mortgage in favor of New Century Mortgage Corporation (attached hereto as Exhibits "A" and "B")

FL-97002046-12

securing real property described as follows:

> Lot 23, Westlinks, according to the plat thereof as recorded in Plat Book 93, Page 54, Public Records of Pinellas County, Florida
>
> commonly known as: 9374 Westlinks Terrace, Seminole, FL 33777

5. Debtor filed a previous petition for relief under Chapter 13 of the Bankruptcy Code (Bankruptcy Case No. 8-09-bk-21965-CPM), on September 29, 2009, which was dismissed on January 14, 2010, for failure to attend the Rescheduled Section 341 meeting. See Exhibit "C" attached hereto.

6. Debtor filed a second petition for relief under Chapter 13 of the Bankruptcy Code (Case No. 8-11-bk-00860-CPM) on January 20, 2011, which was subsequently dismissed on June 23, 2011, for failure to attend the Rescheduled Section 341 Meeting. See Exhibit "D" attached hereto.

7. Debtor filed a third petition for relief under Chapter 13 of the Bankruptcy Code (Case No. 8-12-bk-01677-CPM) on February 7, 2012, which was subsequently dismissed on April 17, 2012, for failure to attend the Rescheduled Section 341 Meeting. See Exhibit "E" attached hereto.

8. Debtor filed the fourth and instant petition for relief under Chapter 13 of the Bankruptcy Code on March 5, 2014. The Initial Meeting of Creditors was scheduled on April 8, 2014. Debtor failed to appear. The Rescheduled Section 341 Meeting in the instant case was held on May 27, 2014. Debtor again failed to appear.

9. Debtor has filed for relief under the Bankruptcy Code four times over a period of three years, which results in a series of proposed and failed plans. It is noteworthy that each of the three

previous petitions was dismissed for failure to attend the rescheduled meeting of creditors, as this is indicative of bad faith. Having had previous petitions dismissed for failure to appear, Debtor's "failure to appear and failure to make plan payments could not have been the result of and honest mistake or confusion." *In re Russell*, 2012 Bankr. LEXIS 5474 (Bankr. M.D. Ala. Nov. 27, 2012) (imputing knowledge of the rules based on debtor's previously dismissed cases in support of finding lack of mistake or confusion).

10. Each of Debtor's four petitions for relief indicates negative net monthly income on Schedules I and J, demonstrating zero possibility of funding a viable Plan.

11. Debtor's disposable income does not seem to have increased, rather it has decreased through a series of calculated contributions, expense manipulations, and an apparent lack of willingness to contribute sufficient income to complete a Chapter 13 Plan. Again, this calls into question Debtor's good faith. *Id.* (indicating that an underestimation of income and overestimation of expenses is a factor leading to a finding of bad faith and dismissal of a chapter 13 plan).

12. Debtor had various sources of incomes and expenses throughout these cases, but the one factor that remains consistent is her repeated failure to propose a feasible plan. Please see chart below and attached composite Exhibit "F".

| Bankruptcy Case | Schedule I | Schedule J | Net Income |
|---|---|---|---|
| 8-09-bk-21965-CPM | $2,683.00 | $2,964.41 | -$281.41 |
| 8-11-bk-00860-CPM | $2,683.00 | $2,694.41 | -$281.41 |
| 8-12-bk-01677-CPM | $873.00 | $2,878.91 | -$2,005.91 |

FL-97002046-12

| | | | |
|---|---|---|---|
| 14-bk-02436-CPM | $1889.00 | $2,878.91 | -$989.91 |

13. Pursuant to 11 U.S.C. 1307(c), "On request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under Chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause .." The statue follows with a non-exclusive list of actions that may constitute cause for dismissal.

14. The Supreme Court and nearly every federal court of appeals has indicated that "for cause" in 11 U.S.C. §1307(c) encompasses pre-petition bad faith conduct. *See In re Piazza*, 719 F.3d 1253 (11th Cir. 2013) (citing *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 373, 127 S. Ct. 1105, 1111, 166 L.Ed.2d 956 (2007); *Phoenix Piccadilly, Ltd. v. Life Ins. Co. of Va.*, 849 F.2d 1393, 1394 (11th Cir. 1988) (interpreting "for cause" under 11 U.S.C. § 1112(b) as including a lack of good faith)).

15. In *Marrama*, the Supreme Court clearly established that bad faith is pertinent in all chapters of the Bankruptcy Code, regardless of whether a provision contains an explicit good-faith filing requirement. *Id.* (citing Marrama, 549 U.S. at 373–75, 127 S. Ct. at 1110–12); *Rosson v. Fitzgerald,* 545 F.3d 764, 773 n.12 (9th Cir. 2008) (citing *Marrama* for the proposition that "even otherwise unqualified rights in the debtor are subject to limitation by the bankruptcy court's power under § 105(a) to police bad faith and abuse of process").

16. "Like §§ 1112(b) and 1307(c), § 707(a)'s specific examples "d[o] not preclude consideration of unenumerated factors in determining 'cause'"—bankruptcy courts are free to "'consider other factors as they arise, and to use [their] equitable powers to reach an appropriate result

FL-97002046-12

in individual cases.'" *Id.* (citing *In re SGL Carbon Corp.*, 200 F.3d 154, 160 (3rd Cir. 1999) (quoting H.R. Rep. No. 595, at 406, reprinted in 1978 U.S.S.C.A.N. 5963, 6362) (holding that § 1112(b) is not limited to its enumerated examples of "cause")).

17. The decision to dismiss or convert a chapter 13 case under § 1307(c) is within the discretion of the bankruptcy court. *In re Buis*, 337 B.R. 243 (N.D. FL 2006) (citing *Blaise v. Wolinsky (In re Blaise)*, 219 B.R. 946, 950 (2d Cir. B.A.P. 1998)).

18. "In deciding between conversion and dismissal, a court must consider 'the best interests of the creditors and the estate.' *Id.* (citing 11 U.S.C. § 1307(c)).

19. The totality of the circumstances demonstrates that Debtor's current petition for relief is motivated not by a good faith desire to reorganize her debts and obtain a fresh start, but rather a bad faith purpose of delaying the foreclosure. *In re Letterese*, 397 B.R. 507, 512-13 (Bankr. S.D. Fla. 2008) ("Determinations of good faith should be made on a case by case basis after evaluating the totality of the circumstances.")(citing *In re Kitchens*, 702 F.2d 885, 888 (11th Cir. 1983)).

20. Debtor's repeated bad faith filings preclude her from qualifying as a debtor under Chapter 13. In *Marrama*, the Supreme Court found that a debtor may not qualify as a Chapter 13 debtor if "cause" otherwise exists to dismiss the case under §1307(c) of the Bankruptcy Code. The Supreme Court further recognized that prepetition bad faith conduct is "cause" for dismissal under that section, and concluded that such bad faith conduct is "tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13." 549 U.S. at 374. "There is an inherent requirement of good faith in chapter 13 cases." *In re Letterese*, 397 B.R. 507, 511 (Bankr. S.D. Fla. 2008).

FL-97002046-12

21. Debtor is currently due for the March 1, 2009, with an approximate arrearage of $91,389.59 and the last payment received from Debtor was February 17, 2009. The date of the promissory note is May 5, 2006 and the first payment due on that note was July 1, 2006.

22. Debtor's petition should be dismissed with prejudice. *In re Smail*, 129 B.R. 676 (Bankr. M.D. Fla 1991) (The concept of lack of good faith is an integral part of Chapter 13 by implication and abuse of its provisions is a basis for dismissal with prejudice)

**WHEREFORE**, the premises considered, Movant prays for an order dismissing the within petition with prejudice together with a bar as to the filing of any bankruptcy case in any federal bankruptcy court in the United States of America by the above-named debtor for 365 days and for such further relief the Court deems just and proper.

By: */s/ George Wise*
George Wise   FBN: 71214
*/s/ R. Mark Peery*
R. Mark Peery   FBN: 26766
Morris|Hardwick|Schneider, LLC
6 Nashua Court, Suite D
Baltimore, MD 21221
1-410-284-9600
Email: gwise@closingsource.net;
mpeery@closingsource.net

FL-97002046-12

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss with Prejudice has been sent by electronic or standard first class mail this 29th day of May, 2014, to the following:

U.S. Trustee:
United States Trustee - TPA7/13, 7
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602

Chapter 7 Trustee:
Jon Waage
P O Box 25001
Bradenton, FL 34206-5001

Pro Se Debtor:
Lynda Jean Lafair
9374 Westlinks Terr
Seminole, FL 33777

                                             By: */s/ George Wise*
                                               George Wise     FBN: 71214
                                               */s/ R. Mark Peery*
                                               R. Mark Peery   FBN: 26766
                                               Morris|Hardwick|Schneider, LLC
                                               6 Nashua Court, Suite D
                                               Baltimore, MD 21221
                                               1-410-284-9600
                                               Email: gwise@closingsource.net;
                                                         mpeery@closingsource.net

FL-97002046-12